DECISION
Plaintiff has appealed to this court seeking a refund of interest imposed by Defendant for the late payment of his property taxes for the 2006-07 tax year. The property is identified in Defendant's records as Account R2060648. Defendant disagrees with Plaintiff's request. The matter was heard by the court January 24, 2008. Plaintiff appeared on his own behalf. Defendant was represented by Diane Belt (Belt).
 I. STATEMENT OF FACTS
The taxes concern Plaintiff's personal residence, which he purchased in early October 2006. Defendant was notified of the recording of the deed October 4, 2006. The tax statement for the 2006-07 tax year was mailed to the previous owner sometime in early or mid-October 2006. Plaintiff did not receive that statement, and he did not receive a bill for the taxes until late in June 2007; that billing included interest in the amount of $229.48. Plaintiff paid the tax and interest. He now seeks a refund of the interest because he did not receive the original tax statement and therefore did not pay the taxes before the statutory due date. Defendant in its Answer states that "Plaintiff relied on advice of Realtor rather than contacting county offices when the statement was not received." *Page 2 
 II. ANALYSIS
The tax collector is statutorily required to mail property tax statements each year on or before October 25 to all owners of real or personal property in the county. ORS 311.250(1)[1] provides, in relevant part:
 "Except as to real property assessed to `unknown owners' pursuant to ORS 308.240 (2), on or before October 25 in each year, the tax collector shall deliver or mail to each person (as defined in ORS 311.605) shown on the tax roll as an owner of real or personal property * * * a written statement of property taxes payable on the following November 15."
That statute requires the tax collector to mail the statements to the address "shown on the tax roll," which is often referred to as the address of record. The statement, in this case, was mailed to the previous owner because that was the person shown on the roll as the owner of the property. For reasons unknown to the court, the seller did not forward that statement to Plaintiff. Plaintiff finally received a delinquency notice from Defendant in June 2007.
Plaintiff insists that the tax collector should have been aware of the change in ownership because the sale was final and the deed recorded in the early days of the month of October, prior to the date the statements were mailed. Plaintiff believes that the collector should have changed its records and mailed him the October tax statement. Plaintiff further stated that property taxes vary from year to year and, at the time of his purchase, he had no way of knowing the amount of the taxes due for the current year. Defendant responds that the tax statements were already printed when it received notice of Plaintiff's purchase, and that Plaintiff's realtor was mistaken in telling Plaintiff to wait until he received his bill to pay the taxes. *Page 3 
Property owners are required by ORS 311.555[2] to keep the tax collector informed of their "true and correct address" and, under ORS308.212, [3] to notify the assessor of any change of address within 30 days of the date of the change. The tax collector then has an obligation to "note upon the tax roll * * * the true and correct address of each person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector." ORS 311.560.
In this case, Defendant was notified of Plaintiff's acquisition of t he property (i.e., his change of address) by Plaintiff or his agents, and Defendant updated its records to reflect that change. However, due to the timing of Plaintiff's purchase, the change in the records of the assessor and tax collector did not occur in time to have the tax statement mailed to Plaintiff rather than the previous owner. According to Belt, the tax statements were already printed when the assessor received notification of Plaintiff's purchase of the property. On the evidence before the court, it does not appear that either party failed to comply with their statutory responsibilities. Rather, the problem in this case is one of timing. *Page 4 
Typically, as in this case, the sale of a property occurs midway into the tax year and the buyer and seller each pay their portion of the taxes based on their respective amounts of ownership. The amount of taxes are already calculated by October of each year, and anyone wishing to pay their taxes could contact the assessor's office to inquire about the amount owing. Moreover, in the event that taxes due on any property cannot be determined by November 5, the owner "may tender to the tax collector, and the tax collector may collect, a payment of all or part of the taxes estimated by the tax collector to be due on such property." ORS 311.250(4) (emphasis added).
According to Plaintiff's written narrative statement attached to his Complaint, Plaintiff's realtor advised him that he would owe property taxes, but that the amount of taxes varies every year and he did not know how much Plaintiff would owe. (Ptf's Compl at 2.) Plaintiff states that the realtor told him he would receive notice from the taxation department. (Id.) Plaintiff did, in fact, receive notice, but that notice was a delinquency notice received in late June 2007, well beyond the due date for the payment of the taxes. As indicated above, the realtor's information was incorrect. The amount of taxes was known at the time of purchase, and Plaintiff should have called the tax collector to find out how much the taxes were, and when the taxes were due. As between the taxpayer and the county, the taxpayer has the ultimate responsibility to see that the taxes are paid on time.
ORS 311.250(2) provides that "[t]he failure of a taxpayer to receive the statement described in this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax." *Page 5 
The tax collector was required to charge interest on Plaintiff's late payment pursuant to ORS 311.505(2), which provides in relevant part:
 "Interest shall be charged and collected on any taxes on property * * * or installment thereof not paid when due, at the rate of one and one-third percent per month, or fraction of a month until paid."
Plaintiff has not established a basis for the court to abate, cancel, or otherwise nullify the interest imposed in this case because the amount of taxes owing was known at the time of Plaintiff's purchase, and it was Plaintiff's responsibility to see that the taxes were paid, regardless of whether he received a property tax statement. The situation would be different if the purchase had occurred much earlier and Defendant failed to timely comply with its statutory obligation under ORS 311.560 to note Plaintiff's correct address, thereby triggering the damages provision in ORS 311.565.
 III. CONCLUSION
Plaintiff's request for reimbursement of the interest he paid with the untimely payment of his property taxes for the 2006-07 tax year, on certain real property identified in Defendant's records as Account R2060648, is denied. The interest was lawfully imposed by Defendant under ORS 311.505(2), and, on the facts of this case, there is no legal authority for granting the requested relief. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 8,2008. The Court filed and entered this document on February 8,2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] ORS 311.555 provides, in relevant part:
 "Each person, firm or corporation owning real or personal property within the state * * * shall keep the tax collector of the county where such real or personal property is situate informed of the true and correct address of the person, firm or corporation."
[3] ORS 308.212 provides, in relevant part:
 "(1) Any person who owns real property located in any county shall notify the county assessor for the county where the property is located of that owner's current address and, within 30 days of the change, shall notify the assessor of any change of address.
 "* * * * *
 "(3) The county assessor of each county shall maintain records showing the information required to be submitted to the assessor under this section. The assessor shall note any property owner's change of address on the tax rolls." *Page 1